Filed 12/12/22 P. v. Mendez CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| THE PEOPLE, | C091924 |
| Plaintiff and Respondent, | (Super. Ct. No. F19388) |
| v. | |
| RICHARD DANIEL MENDEZ, JR., | |
| Defendant and Appellant. | |

Defendant Richard Daniel Mendez, Jr., appeals from his convictions for domestic violence. He argues the trial court erroneously failed to instruct the jury on reasonable doubt and the presumption of innocence prior to jury deliberations. The People concede the error and agree it was prejudicial, and we will reverse defendant's convictions.

Given our conclusions, we need not address defendant's alternate arguments that (1) he is entitled to resentencing given the recent changes to Penal Code[1] section 1170

---

[1] Undesignated statutory references are to the Penal Code.

1

enacted by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) and (2) the trial court erred in imposing a consecutive sentence on one of the counts when it should have been stayed pursuant to section 654.

## BACKGROUND

Given defendant's contentions, we provide a limited summary of the facts.

### A. Charges, Jury Verdict, and Sentencing

Defendant and the victim had dated for five years and lived together. During September 2019, the two got into arguments that turned physical, with defendant strangling the victim, using a motorized bicycle tire to "cheese grater" her face, and "scrubbing" the inside of her mouth with a broken wire metal brush.

In January 2020, defendant was charged with two counts of injuring a cohabitant (§ 273.5, subd. (a); counts one & four), assault with a deadly weapon (§ 245, subd. (a)(1); count two), and assault likely to cause great bodily injury (§ 245, subd. (a)(4); count three). As to each count, it was further alleged that defendant personally inflicted great bodily injury on the victim under circumstances involving domestic violence. (§ 12022.7.) That same month, a jury found defendant guilty of counts two, three, and four, and found each of the related great bodily injury enhancements to be true.

In April 2020, the trial court sentenced defendant to prison for an aggregate term of 11 years four months, as follows: the upper term of four years for count two plus five years for the enhancement; one year consecutive for count four plus 16 months consecutive for the enhancement; and one year concurrent for count three plus 16 months stayed for the enhancement. (§ 654.)

### B. Jury Instructions and Closing Arguments

#### 1. Instructions to Prospective Jurors

When the court talked with prospective jurors during the January 2020 trial, it explained its goal was to have a jury without any "preconceived ideas; the Defendant in this case is presumed to be innocent until and unless the People are able to prove his guilt

2

of each and every element of each and every offense beyond a reasonable doubt. [¶] So as he sits here right now, he's presumed innocent." It later told the prospective jurors: "[I]t's the jurors that are going to decide whether the Defendant has been proved guilty beyond a reasonable doubt or not, whether the People have done that. [¶] And remember, the People have the burden of proof here. The Defendant doesn't need to prove anything. He doesn't have to offer any evidence, he doesn't have to call any witnesses. He doesn't have to do anything if he believes that the People are unable to present sufficient evidence to prove each of the charges beyond a reasonable doubt."

The court explained how the trial would proceed, noting that the prosecutor would have the last word during closing arguments "[b]ecause the People have the burden of proof beyond a reasonable doubt, which is the highest burden in the law." The court subsequently told jurors that defendant did not have any "obligation" to present any evidence because the prosecution was required to prove its case beyond a reasonable doubt. In addition, "[b]ecause the Defendant is presumed innocent, he does not have to prove that he's not guilty." The court further explained, "The fact that the Defendant was arrested, charged with a crime, or brought to trial is not evidence of his guilt." The court did not instruct the jury on the presumption of innocence or proof beyond a reasonable doubt in CALCRIM No. 103 before the parties started presenting evidence.

### 2. Instructions Prior to Closing Arguments

The court provided additional instructions prior to closing argument, including that the jury "must follow the law as I explain it to you, even if you disagree with it. [¶] If you believe that the attorneys' comments on the law conflict with my instructions, you must follow my instructions."

Instead of instructing the jury regarding the presumption of innocence or proof beyond a reasonable doubt pursuant to CALCRIM No. 220, the court advised the jury it was required to decide the facts based solely on the evidence presented at trial, and it must not let bias, sympathy, or prejudice influence its decision. The court also mentioned

3

that the prosecution had to prove defendant did the acts charged and acted with the particular mental state or intent, which could be proved by circumstantial evidence. The court explained: "Before you may rely on circumstantial evidence to conclude that a fact necessary to find the Defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt." The court continued: "And also, before you may rely on circumstantial evidence to conclude that the Defendant had the required intent or mental state, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence, is that the Defendant had the required intent or mental state. [¶] If you can draw two or more reasonable conclusions from circumstantial evidence, and one of those reasonable conclusions supports a finding that the Defendant did have the required intent or mental state, and the other reasonable conclusion supports a finding that he did not, you must conclude the required intent or mental state was not proved by the circumstantial evidence. [¶] However, when considering circumstantial evidence, you must accept only reasonable conclusions, and reject any that are unreasonable."

The court also instructed that the jury could consider any failure by defendant to explain or deny adverse testimony, but "[a]ny such failure is not enough by itself to prove his guilt. [¶] The People must still prove the Defendant guilty beyond a reasonable doubt."

With respect to the instructions on the specific charged offenses, although the court instructed that the People had the burden of proof, it did not instruct that the burden of proof was beyond a reasonable doubt. Still, the court did instruct the jury that "[t]he People have the burden of pro[ving] beyond a reasonable doubt that the Defendant did not act in self-defense. [¶] . . . [¶] If the People have not met this burden as to any count alleged, including the lesser offenses, you must find the Defendant not guilty of that count or that lesser offense." The court continued, "You must not find the Defendant

4

guilty unless you all agree that the People have proved that the Defendant committed at least one of the acts, and you all agree on which act it was that he committed."

### 3. Closing Arguments

The prosecutor did not mention the burden of proof or presumption of innocence during the initial closing argument or rebuttal. In response to an objection by defense counsel during the prosecutor's initial closing argument, the court reminded the jury that "[n]othing in this case shifts the burden to the Defendant to prove anything. The burden is on the People in all instances."

During his closing argument, defense counsel stated: "So I want to also remind you that the burden in the case is on the People to prove the case beyond a reasonable doubt. That's all of the counts alleged in the Information, and it's all of the elements of each count that's alleged in the Information. And it's also to prove beyond a reasonable doubt that the defense of self-defense as to any particular count does not apply. [¶] It's a heavy burden. . . . But that's what we've decided that we require from the People in order to find a person guilty of a crime. [¶] I'm not going to read this to you, but the Court has already told you what the legal standard is, giving guidance on how to determine what exactly is a reasonable doubt. So you should consult this, but I would suggest to you also that it's hard to define exactly what a reasonable doubt is, beyond what our Judicial Council has done in the instruction. But if you're not convinced, you're just not convinced." Defense counsel continued: "The burden cannot be shifted to the defense. [Defendant] does not have to prove anything."

### 4. Instructions After Closing Arguments and Written Instructions

While instructing the jury on lesser included offenses, the court instructed: "And whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt." The court also assured the jury that the jury instructions that were read to them were "all there," and that they could review the written versions as needed.

The court also provided written instructions to the jury. Four of these referenced the beyond a reasonable doubt standard of proof: CALCRIM No. 225 (circumstantial evidence regarding intent or mental state), CALCRIM No. 361 (failure to explain or deny adverse evidence), CALCRIM No. 3470 (self-defense (non-homicide)), and CALCRIM No. 3517 (lesser included offenses). The lesser included offense instruction stated: "Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt unless I specifically tell you otherwise."

## DISCUSSION

### A.    Legal Background

The trial court has a sua sponte duty to instruct the jury on the presumption of innocence and the People's burden of proof beyond a reasonable doubt in every criminal case. These instructions must be given in oral and written form before deliberations, even if previously given during jury selection. (*People v. Elguera* (1992) 8 Cal.App.4th 1214, 1217-1219; accord, *People v. Crawford* (1997) 58 Cal.App.4th 815, 819-826; see *People v. Vann* (1974) 12 Cal.3d 220, 226-227 (*Vann*).) A court may satisfy its obligations by giving CALCRIM No. 220,[2] CALJIC 2.90, or something similar that

---

[2] CALCRIM No. 220 reads: "The fact that a criminal charge has been filed against the defendant[s] is not evidence that the charge is true. You must not be biased against the defendant[s] just because (he/she/they) (has/have) been arrested, charged with a crime, or brought to trial. [¶] A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt [unless I specifically tell you otherwise]. [¶] Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt. [¶] In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant[s] guilty beyond a reasonable doubt, (he/she/they) (is/are) entitled to an acquittal and you must find (him/her/them) not guilty."

6

addresses the required principles. (*People v. Aranda* (2012) 55 Cal.4th 342, 349.) Failure to properly instruct the jury regarding the presumption of innocence and the requirement of proof beyond a reasonable doubt can violate state law and a defendant's federal due process rights. (*Id.* at pp. 349, 356-357.)

If, as a whole, the court's instructions failed to explain (1) the substance of the presumption of innocence and (2) that the defendant cannot be convicted " 'unless each element of the crimes charged was proved to the juror's satisfaction beyond a reasonable doubt," the error amounts to a federal due process violation. (*People v. Aranda, supra*, 55 Cal.4th at pp. 355, 358.) We review whether such an error was harmless under *Chapman v. California* (1967) 386 U.S. 18, 24, which requires reversal unless a reviewing court determines beyond a reasonable doubt that the error did not contribute to the verdict obtained. (*Aranda*, at p. 350.)

For example, in *Vann*, the trial court failed to include in its predeliberation jury instructions the reasonable doubt standard. (*Vann, supra*, 12 Cal.3d at pp. 225-226.) Our Supreme Court concluded the trial court's two references to the reasonable doubt standard in predeliberation instructions failed to adequately convey the requisite burden of proof. First, the trial court instructed the jury that it could not return a verdict based on circumstantial evidence unless " 'each fact which is essential to complete a set of circumstances necessary to establish a defendant's guilt has been proved beyond a reasonable doubt.' " (*Id.* at p. 226.) This instruction was insufficient because it did not make clear that guilt based on direct evidence must also be proved beyond a reasonable doubt. (*Ibid.*) Second, the trial court instructed that evidence of " 'good character may be sufficient to raise a reasonable doubt whether a defendant is guilty.' " (*Id.* at p. 227.) However, this instruction was inadequate because it failed to (1) connect the reasonable doubt standard to any issue other than character and (2) explain that a reasonable doubt would require acquittal. (*Ibid.*) Although the trial court mentioned the requisite burden of proof during jury selection, and counsel mentioned it during closing argument, these

7

statements did not "cure" the trial court's failure to properly instruct the jury regarding the issue. (*Id.* at p. 227, fn. 6.)

Applying the *Chapman* harmless error standard, we conclude the instructions here did not adequately convey the prosecution's burden or the presumption of innocence. Similar to *Vann*, the court here mentioned before the jurors were impaneled that defendant was presumed to be innocent and that the prosecution had to prove his guilt beyond a reasonable doubt. But the power of these instructions was reduced because they were given to *prospective* jurors who were still unaware if they would be serving during the trial and were therefore unlikely to have given the same focused attention as actual jurors. (See *People v. Elguera, supra*, 8 Cal.App.4th at p. 1222.) We further note that the court mentioned the prosecution's burden without explaining what it meant by beyond a reasonable doubt. This was insufficient guidance for the potential jurors.

The court's additional instructions prior to and after closing argument were similarly insufficient to instruct the jury on the presumption of innocence and the burden of proof. The court did not adequately explain the presumption of innocence when it explained that the jury could only rely on the evidence presented at trial and that it must not let bias, sympathy, or prejudice influence its decision. In addition, while the court repeatedly mentioned that the prosecution bore the burden of proof, it failed to specify that the prosecutor had to prove each required element beyond a reasonable doubt. The court instructed that the jury could rely on circumstantial evidence to find defendant guilty only if it was convinced that the prosecution had proven each essential fact beyond a reasonable doubt, but this was insufficient to tell the jury that it also needed to do so before considering direct evidence. (See *Vann, supra*, 12 Cal.3d at pp. 226-227.) The same is true for the court's instructions regarding defendant's failure to deny adverse evidence, whether defendant acted in self-defense, and lesser included offenses. Further, the jury was not given any explanation as to what that the beyond a reasonable doubt burden of proof entails. The court's instruction that the jury could only accept

8

"reasonable conclusions" was not sufficient to explain the requisite burden of proof, or that acquittal was required if the jury found a reasonable doubt. We find nothing further in the written instructions that would properly instruct the jury regarding the beyond a reasonable doubt standard or the presumption of innocence.

Although defense counsel did stress the prosecution's required burden of proof and provide some explanation as to what beyond a reasonable doubt means, we note that the court directed the jury that it had to follow the court's instructions, rather than the attorneys. As such, these comments do not cure the court's errors.

We cannot say beyond a reasonable doubt that the court's failure to properly instruct the jury was harmless. A jury reasonably could have been confused about the presumption of innocence and the required burden of proof, given the court's limited mentions of and failure to explain the presumption of innocence and beyond a reasonable doubt standard.

## DISPOSITION

The judgment is reversed.


              ___/s/_____
              BOULWARE EURIE, J.



We concur:



___/s/_____
ROBIE, Acting P. J.



___/s/_____
KRAUSE, J.